Billie J. DRAPER, Plaintiff-Appellee,

v.

SMITH TOOL AND ENGINEERING
COMPANY, Defendant-Appellant.

No. 82–1966.

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 12, 1984.

Decided Feb. 27, 1984.

Lawrence R. Greene, argued, Detroit, Mich., for defendant-appellant.

Lawrence Katkowsky, argued, Southfield, Mich., for plaintiff-appellee.

Before EDWARDS and KENNEDY, Circuit Judges, and PECK, Senior Circuit Judge.

GEORGE CLIFTON EDWARDS, Jr., Circuit Judge.

This is an employment discrimination case appealed by Smith Tool and Engineering Company from a decision after a bench trial before a District Judge in the Eastern District of Michigan.

Billie Draper is black. On Sunday, September 23, 1979, he read a classified advertisement in the Detroit News placed by Smith Tool. The ad sought applicants for detailer, designer and checker positions. Draper was on lay-off status from Chrysler at the time this ad appeared and decided to seek employment as a detailer.

At trial, before the District Court, Mrs. Draper testified that she called Smith Tool on the morning after the ad appeared to inquire as to whether detailer positions were available and was told by the man who answered the phone that Smith Tool was hiring for detailer. Draper thereafter went to Smith Tool, talked with Jim Smith, son of the founder, who was responsible for hiring. Smith told Draper no detailer positions were available but might be later on in three or four weeks. Subsequently Draper called Smith Tool and again talked to Jim Smith, who told him no detailer positions were available at that time on October 2. Immediately after this conversation, Lydia Draper called Smith Tool and talked with Jim Smith, giving her name as Lydia Jacob, and said she was interested in a detailer job, whereupon Jim Smith said a job was available and scheduled her for an interview the following morning. Lydia

Draper is white. Draper then filed his complaint with the Michigan Civil Rights Commission.

Company testimony before the District Judge derogated Draper's written application and his qualifications, and denied any discriminatory practices.

The District Judge found, among other facts, that plaintiff was black; that in the 19-year history of the company, the defendant had never employed a black in any position; that the plaintiff at the time of his application had the minimum necessary qualifications for a detailing position with the defendant's company; that a position was open on the date of his application and continued to be open for some days thereafter; and that Draper had made out a prima facie case of hiring discrimination against the defendant. The District Judge further found:

> The Court further finds as a matter of law that although defendant produced evidence which could be legally sufficient to justify a judgment for the defendant, the plaintiff has proven by preponderance of the evidence that the explanations offered by the employer are pretextual and are not worthy of credence under the facts as presented in this case and that therefore, plaintiff is entitled to a judgment in his favor and against defendant for damages for violation of both Title VII of the Civil Rights Act of 1964 and the Elliott-Larsen Civil Rights Acts of 1976.
>
> The Court further finds as a matter of law that plaintiff is entitled to back pay which he would have earned from September 24, 1979 to the present date, and further, that defendant should be ordered to place plaintiff in a job as a detailer forthwith at the prevailing rate for a person having experience since September 24, 1979.

This court, after careful consideration of the record in this case, considers that it presents basically a dispute of facts between plaintiff and defendant which the District Judge has resolved in plaintiff's favor on findings which we cannot declare to be clearly erroneous. *Ash v. Hobart Manufacturing Co.,* 483 F.2d 289 (6th Cir. 1973).

Further, we find that the District Judge tried this case under the controlling standards set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973), where the Supreme Court stated what employment discrimination plaintiff must show, as follows:

> (i) that he belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that despite his qualifications he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications.

*See also Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

The judgment of the District Court is affirmed.